## LEE AHLO *v.* ROYAL INSURANCE COMPANY.

Exceptions from Circuit Court, First Circuit.

Argued May 5, 1905.      Decided May 11, 1905.

Frear, C.J., Hartwell, J., and Circuit Judge Lindsay in
place of Wilder, J.

Fire insurance—*loss by fire ordered by board of health—proximate
cause—evidence of value.*

> The plaintiff's buildings had been destroyed by fire pursuant to
> an order of the board of health based on the alleged fact that
> they were infected. The plaintiff's evidence of value showed the

original cost in 1878 and 1879, their rental value and generally described their material, repairs and condition. Held: The case is within the rule in *Akwai v. Ins. Co.*, 14 Haw. 533. The proximate cause of the loss was the fire; the buildings were not valueless because condemned to be burned. In the meaning of the policy the intrinsic value of the buildings was insured. The evidence of value was sufficient in law, coming within the rule in *Kwong Lee Yuen v. Manchester Ins. Co.*, ante p. 685.

OPINION OF THE COURT BY HARTWELL, J.

This was an action on a fire insurance policy to recover the value of the plaintiff's insured buildings which were consumed by fire pursuant to an order of the board of health based on the alleged fact that they were infected with bubonic plague germs. The court, jury having been waived, gave judgment for the plaintiff in the sum of $3,000, the amount of the insurance. The matters of defense on which many of the defendant's exceptions are based were (1) That the loss was caused not by the fire, but by the order of the board, and (2) That from the time the order was made and by reason or in consequence of the order the buildings became valueless. The defendant contends that the rule in *Akwai v. Ins. Co.*, 14 Haw. 533, does not apply because in that case no order had been made by the board to carry into effect its resolutions that all the buildings were infected in the block in which the insured buildings were situated, and therefore should be destroyed by fire, while in the present case the plaintiff's buildings were ordered to be burned, so that, as the defendant claims, the order was the direct proximate cause of the loss and the fire merely incident; and also whether this contention is sustained or not, that buildings so condemned to destruction were valueless.

This contention cannot be sustained. The buildings were insured against loss by fire and they were lost by a fire resulting from no cause excepted by the policy. The value of an insured building at a time when an adjoining building is burning may be so much lessened by the danger or certainty that the

fire will spread that no one will pay anything for it, and yet to hold that its insured value is correspondingly diminished or by reason of the imminent danger has ceased to exist would have the effect of frustrating the purpose of the insurance and of nullifying the value of the policy. In the meaning of the policy the intrinsic value of the buildings was insured. The exceptions relating to this portion of the defense are not sustained.

The defendant's remaining exceptions rest upon its claim that the plaintiff did not show the value of the buildings at the time of their loss in 1900 by his evidence of their original cost in 1878 and 1879, their rental value and general description as to material, repair and condition. The evidence was sufficient in law, the case in this respect coming within the rule in *Kwong Lee Yuen v. Manchester Ins. Co.,* ante, p 685.

The exceptions are overruled.

*Castle & Withington* and *W. A. Whiting* for plaintiff.

*A. G. M. Robertson* for defendant.